NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 7 |
| JOSE MIGUEL DUVAL,<br>          Debtor. | Case No. 10-10450 (JMP) |
| JOSE MIGUEL DUVAL,<br>               Plaintiff. | Adv. Proc. No. 11-02263 (JMP) |
| v. | |
| IRS et al.,<br>          Defendants. | |

## DECISION GRANTING MOTION OF DEFENDANT KEY BANK, N.A. FOR SUMMARY JUDGMENT

DEILY, MOONEY & GLASTETTER, LLP
*Attorneys for Key Bank, N.A.*
8 Thurlow Terrace
Albany, NY 12203

     Jason A. Little, Esq.

PHILLIP JAFFE, ESQ.
*Attorney for Jose Miguel Duval*
370 East 76th Street
Suite C-1002
New York, NY 10021

**JAMES M. PECK**
**UNITED STATES BANKRUPTCY JUDGE**

### *Introduction*

The Court heard oral argument on March 1, 2012 on the motion for summary

judgment (the "Motion") filed by Key Bank, N.A. ("Key Bank"), one of several

defendants in the above-captioned adversary proceeding.  The Motion seeks a
determination that all student loan debt owed by Jose Miguel Duval (the "Plaintiff"), a
2003 graduate of the New York University College of Dentistry and practicing dentist, to
Key Bank is non-dischargeable under section 523(a)(8) of title 11 of the United States
Code (the "Bankruptcy Code").  The Court granted the Motion on the record at the
conclusion of oral argument and was satisfied based on the record of uncontested facts
that Plaintiff had failed to meet the burden articulated by the Second Circuit in *Brunner v.
N.Y. Higher Educ. Servs. Corp.*, 831 F.2d 395 (2d Cir. 1987) and was incapable, as a
matter of law, of establishing that his student loans are dischargeable.  The Court deferred
entry of an order granting the Motion in order to give the Plaintiff some time to work
with Key Bank on developing a mutually-acceptable payment plan.  More than 30 days
have passed since oral argument, and the Court has determined that it is now appropriate
to enter this decision, together with a form of order granting judgment in favor of Key
Bank.

### *Procedural History*

Plaintiff filed his voluntary chapter 7 petition (the "Petition") in this Court on
January 26, 2010.  The Petition included on Plaintiff's schedule of unsecured, non-
priority debt three separate educational loans held by Key Bank in the amounts of
$50,200.00, $48,626.00 and $52,235.00.  Case No. 10-10450-JMP, ECF No. 1, Schedule
G.  On January 13, 2011, Plaintiff received a discharge, and his chapter 7 case was closed
on March 14, 2011.  Case No. 10-10450-JMP, ECF Nos. 23 and 24.

On April 22, 2011, Plaintiff, acting with the advice of his *pro bono* counsel, filed
a motion to reopen his chapter 7 case so that he could use the reopened case as a platform

to commence an adversary proceeding to determine that his student loan obligations are dischargeable.  Case No. 10-10450-JMP, ECF No. 26.  On May 19, 2011, the Court granted permission to reopen the case.  Case No. 10-10450-JMP, ECF No. 27.  Plaintiff commenced this adversary proceeding against, among others, Key Bank on June 20, 2011 seeking, *inter alia*, a judicial finding that the student loan debt owed to Key Bank is dischargeable under section 523(a)(8) of the Bankruptcy Code.[1]

Key Bank filed its answer to the complaint on August 17, 2011.  ECF No. 5.  The Court entered an Initial Pre-Trial Order on August 31, 2011.[2]  ECF No. 6.  According to the Initial Pre-Trial Order, dispositive motions were to be filed on or before January 17, 2012, and, consistent with that deadline, Key Bank filed the Motion on January 17, 2012. ECF Nos. 6 and 27.  Plaintiff filed an affidavit in opposition to Key Bank's motion on February 19, 2012, and a related memorandum of law on February 21, 2012.  ECF Nos. 36 and 37.

### Standard

Summary judgment is appropriate where there is "no genuine dispute as to any material fact," and the moving party is entitled to "judgment as a matter of law." Fed. R. Civ. P. 56(a); *see NML Capital v. Republic of Argentina*, 621 F.3d 230, 236 (2d Cir.

---

[1] The Summons and Notice of Pretrial Conference in an Adversary Proceeding that was generated by the office of the Clerk of Court lists the following defendants to this adversary proceeding: the Internal Revenue Service, Michael Paikin, Virginia Albizu, NYS Department of Taxation & Finance, Robert L. Geltzer, Richard Morrissey, Sallie Mae Servicing Corp and Key Bank National.  ECF No. 2.  Subsequent to the commencement of this adversary proceeding, Plaintiff's counsel filed a variety of motions; there currently are three motions that Plaintiff has filed on the docket of the adversary proceeding that the Court has not yet heard in addition to a cross-motion by defendant Virginia Albizu to vacate default and permit filing of answer.

[2] The Court notes that Key Bank failed to seek a pre-motion conference prior to filing the Motion.  Local Rule 7056-1(a) provides, in relevant part, that "*[u]nless the Court orders otherwise*, no party shall file a motion for summary judgment without first seeking a pre-motion conference." Local Rule 7056-1(a) (emphasis added).  Because the Initial Pre-Trial Order specifically contemplated the filing of dispositive motions, the Court concludes that the Motion was filed in accordance with the applicable local rule, notwithstanding the fact that no pre-motion conference took place.

2010) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)). The court

must view the facts in the light most favorable to the non-moving party, and must resolve

all ambiguities and draw all inferences against the moving party. *See NetJets Aviation,*

*Inc. v. LHC Communs., LLC*, 537 F.3d 168, 178 (2d Cir. 2008) (citing *Liberty Lobby*, 477

U.S. 242 at 255; *Coach Leatherware Co. v. AnnTaylor, Inc.*, 933 F.2d 162, 167 (2d Cir.

1991)).  In deciding whether to grant a motion for summary judgment, the court is not to

"weigh the evidence and determine the truth of the matter but to determine whether there

is a genuine issue for trial." *Cioffi v. Averill Park Cent. Sch. Dist. Bd. of Educ.*, 444 F.3d

158, 162 (2d Cir. 2006) (citing *Liberty Lobby*, 477 U.S. at 249).

## *Discussion*

Key Bank has asserted that it is entitled to judgment based on Plaintiff's inability

to satisfy any of the three elements of the so-called *Brunner* test and his corresponding

inability to demonstrate that his student loan obligations impose an undue hardship that

would render them dischargeable.  Plaintiff's claim of undue hardship is based primarily

on two factors that affect his financial status – (i) the onerous terms of his equitable

distribution agreement with his ex-wife, which, in turn, is based upon a projected annual

income of $130,744,[3] and (ii) his modest income that largely comes from Medicaid

patients, an income which he claims will be negatively affected by major reductions in

New York State's Medicaid budget for dental care.  Plaintiff argues that he has

demonstrated good faith by virtue of having paid child support since 2006 in a total

amount of approximately $78,848.00 and discretionary child support payments in the

amount of $13,716.00.

---

[3] Plaintiff has earned considerably less than $130,744 every year since having signed the equitable
distribution agreement.

Key Bank's assertions are based in part on undisputed facts in the record resulting from Plaintiff's failure to respond timely to Key Bank's First Request for Admissions of Fact. Key Bank served its First Request for Production of Documents, First Set of Interrogatories and First Request for Admissions of Fact on Plaintiff (collectively, the "Discovery Requests") on November 28, 2011. ECF No. 27, Exhibits G, H and I. As of the date of the Motion, Plaintiff had not responded to the Discovery Requests. Pursuant to Federal Rule of Civil Procedure 36 (made applicable under Federal Rule of Bankruptcy Procedure 7036), the Requests for Admissions are deemed admitted.[4]

Given these deemed admissions, Plaintiff has admitted, *inter alia*, that (i) as of November 28, 2011, the balance due on each of the three student loans was $50,161.39, $49,331.63 and $45,605.46, respectively; (ii) he has no physical, mental or medical limitations or conditions or other circumstances that would affect his ability to repay the loans; (iii) he could repay the loans and maintain a minimal standard of living for himself and his dependents; (iv) he has not made a payment on the loans; (v) he could obtain employment in the future with a dental practice that accepts patients with private insurance; (vi) he could start his own dental practice in the future and accept patients with private insurance; and (vii) there is no foreseeable reason why his financial condition

---

[4] "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). At oral argument, counsel to Plaintiff represented that, after Key Bank filed the Motion, Plaintiff responded to Key Bank's First Set of Interrogatories and First Request for Admissions of Fact (but has not yet produced any documents). *See* February 16, 2012 Affirmation in Opposition to Key Bank's Motion for Summary Judgment, ECF No. 36 at ¶ 4 (stating that "[i]t is proper … that [Key Bank's] discovery requests be answered and they will be answered in short time"). Counsel admitted, however, that Plaintiff's responses to Key Bank's Discovery Requests were untimely and that no request to extend the response deadline ever was made to Key Bank or to the Court. *See* Fed. R. Civ. P. 36(a)(3) (providing, in part, that "[a] shorter or longer time for responding *may be stipulated to* under Rule 29 *or be ordered by the court*") (emphasis added). Accordingly, the Court will not consider the untimely responses in deciding the Motion.

could not improve in the future.  *See* Defendant Key Bank, N.A.'s First Request for

Admissions of Fact to Plaintiff Jose Miguel Duval, ECF No. 27, Exhibit I.

Section 523 of the Bankruptcy Code provides, in relevant part, that

(a) A discharge under … this title does not discharge an individual debtor from
any debt –

(8) unless excepting such debt from discharge under this paragraph would
impose an undue hardship on the debtor and the debtor's dependents, for –

(A)(i) an educational benefit overpayment or loan made, insured or
guaranteed by a governmental unit, or made under any program
funded in whole or in part by a governmental unit or nonprofit
institution; or
(ii) an obligation to repay funds received as an educational benefit,
scholarship or stipend; or
(B) any other educational loan that is a qualified education loan, as
defined in section 221(d)(1) of the Internal Revenue Code of 1986,
incurred by a debtor who is an individual.

11 U.S.C. § 523(a)(8).

A debtor seeking to establish undue hardship under section 523(a)(8) faces a

heavy burden.  *Williams v. N.Y. State Higher Educ. Serv. Corp.*, 296 B.R. 298, 302

(S.D.N.Y. 2003), *aff'd*, 84 Fed. Appx. 158 (2d Cir. 2004).  Discharge is permissible only

upon a finding that (i) the debtor cannot maintain, based on current income and expenses,

a "minimal" standard of living if forced to repay the loans; (ii) additional circumstances

exist indicating that this state of affairs is likely to persist for a significant portion of the

repayment period of the student loans; and (iii) the debtor has made good faith efforts to

repay the loans.  *Brunner*, 831 F.2d at 396; *see also Williams*, 296 B.R. at 302.  "If one of

the requirements of the Brunner test is not met, the bankruptcy court's inquiry must end

there, with a finding of no dischargeability." *Williams*, 296 B.R. at 302 (quoting

*Pennsylvania Higher Educ. Assistance Agency v. Faish (In re Faish)*, 72 F.3d 298, 306

(3d Cir. 1995)); *see also Bacote v. Educ. Credit Mgmt. Corp.*, 2006 Bankr. LEXIS 4645 at *23 (Bankr. S.D.N.Y. 2006) (citing *Williams*).

Given that Plaintiff has admitted that (i) he can repay the loans and maintain a minimal standard of living, (ii) there are no circumstances that would affect his ability to repay the loans and (iii) he has not made a payment on the loans, he essentially is foreclosed from arguing undue hardship under the *Brunner* test. However, even if the Court were to excuse the failure to respond to the Discovery Requests and disregard the deemed admissions of fact, there are no facts that Plaintiff could prove that would be sufficient to defeat the Motion.

Because section 523(a)(8) of the Bankruptcy Code exhibits a "clear congressional intent … to make the discharge of student loans more difficult than that of other nonexcepted debt," *Brunner* requires debtors seeking to discharge student loans to provide evidence "not only of current inability to pay but also of additional, exceptional circumstances, strongly suggestive of continuing inability to repay over an extended period of time … ." *Brunner*, 831 F.2d at 396.

Plaintiff points to a combination of factors impacting his current financial circumstances, notably, significant payment obligations under his equitable distribution agreement, his student loan debts and his salary history (in which his earnings have been far lower than had been assumed at the time of entering into the agreement to make maintenance payments to his ex-wife). Plaintiff has not, however, demonstrated that he is incapable of negotiating a modified agreement with his former wife nor has he shown that all state law remedies have been pursued and exhausted with respect to a possible reduction in the amounts payable under the equitable distribution agreement due to

7

changed circumstances. Additionally, although Plaintiff has explained that his earnings

from practicing dentistry have trailed his expectations and are lower than the earnings of

other dentists in the New York area, such showings do not predict his future earning

capacity and do not establish what Plaintiff may later be capable of earning.

Plaintiff's submissions assume that he remains largely dependent upon Medicaid

reimbursements and that he does nothing to change the nature of his practice or increase

his salary over an extended period of time through and including the maturity date of the

student loans in 2030. In *Brunner*, the Second Circuit found that the "additional

circumstances" prong was not satisfied where the debtor was not disabled or elderly, had

no dependents and "[n]o evidence was presented indicating a total foreclosure of job

prospects in her area of training." *Brunner*, 831 F.2d at 396-97.

While it may be true that a higher-paying dental job is not currently available,

Plaintiff has not shown, and is unable to show, that this condition will persist for the next

eighteen years. Thus, Plaintiff has adequately explained his present difficulties in

repaying his student loans, but has not established that these circumstances are likely to

persist. *See Traversa v. Educ. Credit Mgmt. Corp.*, 2010 U.S. Dist. LEXIS 117559 at *9

(D. Conn. 2010); *aff'd* ("Traversa II"), 444 Fed. Appx. 472 (2d Cir. 2011).

Even in cases where a plaintiff can show a medical disability, courts continue to

recognize the heavy burden of requiring a showing that the disability is likely to pose a

persistent obstacle to employment. *See Traversa*, 2010 U.S. Dist. LEXIS at *15 (citing

*In re Porrazzo*, 307 B.R. 345, 348 (Bankr. D. Conn. 2004) ("In contrast to those cases

[where a medical condition was deemed inadequate to support discharge], the

uncontested evidence here … is that the debtor is permanently disabled and

8

unemployable")) (additional citations omitted).  In *Traversa*, the debtor suffered from

depression, sleeping disorders, ADHD and bi-polar disorder.  *Traversa II*, 444 Fed.

Appx. at 475.  The debtor's medical condition prevented him from gaining and

maintaining employment; at the time of litigation, he was unemployed and receiving

Social Security benefits.  *Id.*   The trial record showed, however, that the debtor admitted

that his treating nurse believed that the medication he was taking for depression was

effective, that the medications he was taking for his sleeping disorders worked

"moderately well," and that he never had received any documentation of his alleged

bipolar disorder.  *Id.*  The record also showed that the debtor had suffered from these

symptoms "throughout [his] life," including when he was in college and law school and

during his approximately seven years of consecutive employment prior to law school.  *Id.*

Accordingly, the Second Circuit found that it was not erroneous for the bankruptcy court

to have concluded that the debtor had not carried his burden to prove that his condition

would render him unable "to repay [his loans] over an extended period of time."  *Id.*

(quoting *Brunner*, 831 F.2d at 396).

    The analysis in *Traversa* illustrates the very heavy burden that must be met in

proving undue hardship in the context of seeking a discharge of student loan debt.  A

lower salary than expected earned by a graduate of a leading dental school does not

amount to a permanent condition that would prevent Plaintiff from ever being able to

meet his loan obligations, particularly when viewed over the course of the remaining

eighteen years prior to maturity.  Accordingly, Plaintiff has failed to meet the "additional

circumstances" prong of the *Brunner* test and, regardless of deemed admissions in the

record, is unable to show the requisite undue hardship to discharge his obligations to Key

Bank.

### *Conclusion*

For the reasons stated and for the reasons set forth on the record at oral argument,

the Motion is granted.  A separate order also is being entered.

.

Dated: New York, New York
        April 3, 2012

<u>    *s/ James M. Peck*                                  </u>
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE